FILED
·SUPERIOR COURT
OF GUAM

2014 MAR -6 PM 3: 50

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT
# OF GUAM

CHAMORRO EQUITIES, INC., )     Civil Case no. CV0408-13

         Plaintiff, )

    vs. )

VIVIAN McCURDY, LISA ULLOA, and )     **DECISION AND ORDER**
FEDERICK ULLOA, )

         Defendants. )

_____ )

VIVIAN McCURDY, WALTER D. ULLOA, )
JUDITH E. OLIVER, and LISA ULLOA )

         Counterclaim Plaintiffs, )

vs. )

CHAMORRO EQUITIES, INC., ROBERT V. )
ULLOA, GERALD D. HARTWICK, )
KENNETH E. THOMPSON, PRISCILLA U. )
HARTWICK, SHEILA M. MANALOTO, and )
DOES 2-10, )

         Counterclaim Defendants, )

_____ )

MEC, LLC., )
         Proposed Intervenor. )

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Plaintiff's Motion to Intervene as Defendant was taken under advisement on February 25, 2014. The Proposed Intervenor, MEC LLC., was represented by attorney Joseph C. Razzano. Plaintiff was represented by attorney Mitchell F.



Thompson. Counterclaim Defendants Robert V. Ulloa, Gerald D. Hartwick, Keneth E. Thompson, Priscilla U. Hartwick, and Sheila M. Manaloto were represented by attorney Bill R. Mann. Counterclaim Plaintiffs were represented by attorney Carlos L. Taitano. After considering the matters presented, the Court now issues the following decision and order granting Petitioner's motion.

## BACKGROUND

This case arises out of a March 29, 2013 complaint for the cancellation and collection of several improper loan agreements made between Plaintiff and Defendants. The complaint seeks to void the loans and recover the amounts of the loans.

On January 7, 2014, MEC filed its motion to intervene as a Defendant. Attached to its motion is a proposed answer and counterclaim. In support of its request MEC asserts that it is entitled to an interest in several of the shares of Chamorro Equities, Inc., at issue in the instant matter. In support of this assertion MEC cites to Rule 24 of the Guam Rules of Civil Procedure and argues that it has met the required criteria necessary to intervene. Petitioner asserts and argues that:

1) it has significant property interest in the shares of stock held by a Defendant, Vivian McCurdy, whose interest is being attacked by Plaintiff;
2) the motion to intervene is timely, having been brought while discovery is still ongoing, more than six months before the proposed September 29, 2014 trial date and within two months of MEC's interest accruing in Defendant's shares;
3) MEC executed a promissory note with Vivian McCurdy that was secured with stock certificates nos. 18 and 29 or 108,330.33 shares of Chamorro Equities stock. Under the terms of the promissory note the stock has been transferred to MEC;
4) Because the shares of Chamorro Equities Inc. are the primary subject matter of this case, its disposition will impair Petitioner's ability to protect its interest;
5) Despite its ownership interest in Chamorro Equities Inc., Petition is not represented by a party which can adequately protect its interest.

In the alternative Petitioner also argues and asserts that under Rule 24 it should be permissively

allowed to intervene.

Plaintiff filed its opposition to MEC's motion on February 4, 2014. In it Plaintiff argues that allowing Petitioner to intervene will add ownership issues which are extraneous to the instant. In support of this argument it argues that Vivian McCurdy's use and possible transfer of her shares through promissory note violated the Corporation's right of first refusal limit set by Chamorro Equities' articles of incorporation.

Plaintiff asserts that although its complaint requests that Defendant's shares be applied to satisfy the loans at issue, that its primary prayer for relief is for a money judgment. It also asserts that discovery in this case was concluded on February 17, 2014, and intervention will significantly delay any disposition and render the matter more complex. Plaintiff argues that MEC's interest is sufficiently protected by Defendant Vivian McCurdy's similar defenses and significant self-interest.

On February 5, 2014, Defendants Robert V. Ulloa, Gerald D. Hartwick, Kenneth E. Thompson, Priscilla U. Hartwick, and Sheila Manaloto, filed a motion joining with Petitioner's motion to intervene.

Petitioner filed its reply to Plaintiff's Opposition on February 18, 2014. In its reply MEC emphasizes that Plaintiff's complaint seeks to appropriate stock shares for which it asserts it has a legal interest. MEC disputes Plaintiff's assertion that it was only notified of its claim in November of 2013 and asserts that it was informed of its interest in Vivian McCurdy's shares on September 10, 2012. It also refutes Plaintiffs argument that it is only seeking a money judgment by asserting that since filing suit Chamorro Equities has diverted all dividend payments due to Defendant Vivian McCurdy and Petitioner to itself. Petitioner further distinguishes the cases upon which Plaintiff relies and re-asserts its direct interest in the outcome of the instant case. It argues that it interests cannot be represented by Defendant

Vivian McCurdy because she asserts an individual interest in the stock which is in direct opposition to Petitioner's. Finally Petitioner argues that while discovery has closed in this matter there is sufficient time between the September 29, 2014, trial date to allow for the participation of the Petitioner as an intervenor.

## DISCUSSION

Rule 24 of the Guam Rules of Civil Procedure regulates a party ability to intervene. Guam R. Civ. P. 24. In relevant part this rule provides,

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . .
> (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*Id.* In August of 2013 the Guam Supreme Court, interpreting this rule explained,

> An applicant for intervention must satisfy each of the following four criteria before a motion to intervene may be granted: (1) the motion to intervene must be timely; (2) the applicant must have a significantly protectable interest regarding the property or transaction that is the subject of the suit; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by an existing party.

*Pizarro v. Pizarro*, 2013 Guam 1 ¶ 22. Requests to intervene are "to be construed in favor of the proposed intervenor." *Id.* at ¶ 21. In this case Petitioner has asserted sufficient facts for the Court to find under the above standard that it has a significant protectable interest in the stock and shares of Chamorro Equities to allow it to intervene. It is clear from a review of the pleadings that the disposition of the causes of action raised and alleged may impede Petitioner's ability to protect it and that this interest and these interests cannot be adequately represented by and existing party. The Court further finds as outlined under the facts asserted above that Petitioner brought its motion within a reasonable time and is otherwise timely.

## CONCLUSION

Based upon the foregoing the Court GRANTS the Petitioner's motion to intervene. The Parties shall have 30 days from the entry of this order to submit an amended discovery and scheduling order.

SO ORDERED, this _6_ day of _March_ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

M. Thompson, B. Mann

C. C. Taitano

Date 3/6/14 Time: 4:30

Deputy Clerk, Superior Court of Guam